IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PACSEC3, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>IMPERVA, INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00167 |

# DEFENDANT IMPERVA, INC.'S ANSWER TO PLAINTIFF PACSEC3, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Imperva, Inc. ("Defendant" or "Imperva") by and through its undersigned counsel, hereby answers Plaintiff PacSec3, LLC's ("Plaintiff" or "PacSec3") Complaint for Patent Infringement as follows:

## I.  THE PARTIES

1. Imperva lacks sufficient knowledge or information to form a belief as to the truth of falsity or the allegations of Paragraph 1 and therefore denies them.

2. Imperva admits that it is a Delaware corporation and has an office located at 11044 Research Blvd., Suite A325, Texas 78759. Imperva admits that the Texas Comptroller lists CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO at 211 E. 7th Street, Suite 620, Austin, TX 78701 as Imperva's registered agent. Imperva denies the remaining allegations of Paragraph 2.

## II.  JURISDICTION AND VENUE

3. Imperva admits that Plaintiff's Complaint purports to assert a claim for patent

infringement under 35 U.S.C. § 271. Imperva admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338. To the extent a response is required, Imperva denies the remaining allegations of Paragraph 3.

4. Paragraph 4 of the Complaint contains legal conclusions and arguments to which no response is required. To the extent a response is required, Imperva admits that it has an office located in Texas. Imperva otherwise denies the allegations of Paragraph 4.

5. Paragraph 5 of the Complaint contains legal conclusions and arguments to which no response is required. To the extent a response is required, Imperva admits that it has an office located in Austin, Texas. Imperva otherwise denies the allegations of Paragraph 5.

### III. ALLEGED INFRINGEMENT OF THE '497 PATENT

6. Imperva admits that the document filed in this matter at Dkt. No. 1-1 purports to be a copy of U.S. Patent No. 7,523,497, which on its face is entitled "Packet Flooding Defense System" and dated April 21, 2009. Imperva otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 6 and therefore denies them.

7. Imperva lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7 and therefore denies them.

8. Imperva denies the allegations of Paragraph 8.

9. Imperva denies the allegations of Paragraph 9.

10. Imperva denies the allegations of Paragraph 10.

11. Imperva denies the allegations of Paragraph 11.

12. Imperva denies the allegations of Paragraph 12.

### IV. JURY DEMAND

Defendant admits that the Complaint requests a jury trial. Pursuant to Federal Rule of Civil

Procedure 38(b), Defendant also demands a jury trial on all issues so triable.

## V.     PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested or to any relief whatsoever.

# AFFIRMATIVE AND OTHER DEFENSES

For its Affirmative Defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE ‐ NON-INFRINGEMENT

1. Imperva has not infringed, and does not infringe, and is not liable for any infringement of U.S. Patent No. 7,523,497 directly, jointly, contributorily, by inducement, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE ‐ INVALIDITY

2. U.S. Patent No. 7,523,497 is invalid for failure to satisfy one or more of the conditions for patentability in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE ‐ PROSECUTION HISTORY ESTOPPEL

3. Imperva is informed and believes, and on that basis alleges, that the relief sought by Plaintiff is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution, including statements made during reexamination.

### FOURTH AFFIRMATIVE DEFENSE ‐ LIMITATION ON DAMAGES

4. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and by 35 U.S.C. § 287.

### ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

5. Imperva reserves any and all additional affirmative defenses available to it under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil

Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS

For its Counterclaims against PacSec3, LLC, Defendant and Counterclaimant Imperva, Inc. ("Imperva") alleges as follows:

1. Imperva counterclaims against PacSec3 pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2201, and Federal Rule of Civil Procedure 13.

### I. THE PARTIES

2. Imperva, Inc. is a Delaware corporation with a principal place of business at One Curiosity Way, Suite 203, California 94403.

3. PacSec3 alleges that it is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over these counterclaims pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. This Court has personal jurisdiction over PacSec3 by virtue of, *inter alia*, its filing of the Complaint in this Court.

7. Venue over these counterclaims is permissible in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

8. By virtue of the averments of PacSec3's Complaint in this action and Imperva's answer thereto, an actual controversy exists between PacSec3 and Imperva as to whether U.S. Patent No. 7,523,497 is invalid and/or not infringed by Imperva.

## FIRST COUNTERCLAIM - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,523,497

9. Imperva restates and incorporates by reference each of the averments of paragraphs 1 through 8 of its Counterclaims.

10. PacSec3 claims to be the owner by assignment of U.S. Patent No. 7,523,497 and claims to have a right to sue on and seek enforcement of that patent.

11. PacSec3 in this action alleges infringement of U.S. Patent No. 7,523,497 by Imperva.

12. Imperva is not infringing, has not infringed, and is not liable for any infringement of any valid claim of U.S. Patent No. 7,523,497, and PacSec3 is entitled to no relief for any Claim in the Complaint for, *inter alia*, the reasons in paragraphs 1 through 12 of this Answer.

13. Absent a declaration of non-infringement of U.S. Patent No. 7,523,497, PacSec3 will continue to assert U.S. Patent No. 7,523,497 against Imperva and will in this way cause damage to Imperva.

14. Imperva seeks a declaration that it has not and does not infringe U.S. Patent No. 7,523,497 and that it is not otherwise liable as an infringer.

## SECOND COUNTERCLAIM - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,523,497

15. Imperva restates and incorporates by reference each of the averments of paragraph

1 through 8 of its Counterclaims.

16. PacSec3 claims to be the owner by assignment of U.S. Patent No. 7,523,497 and claims to have a right to sue on and seek enforcement of that patent.

17. PacSec3 in this action alleges infringement of U.S. Patent No. 7,523,497 by Imperva.

18. U.S. Patent No. 7,523,497 is currently subject to *Ex Parte* Reexamination at the United States Patent and Trademark Office. The United States Patent and Trademark Office issued a Final Office Action on March 16, 2022 rejecting Claims 1, 4, 7, 13, and 16 of U.S. Patent No. 7,523,497 as invalid under 35 U.S.C. § 102 and/or 103.

19. PacSec3 previously asserted U.S. Patent No. 7,523,497 in *PacSec3, LLC v. NetScout Systems, Inc.*, Case No. 6:20-cv-00914 in the United States District Court for the Western District of Texas. In that case, the Court entered a Claim Construction Order finding claims 1, 4, 5, 13, and 16 of U.S. Patent No. 7,523,497 invalid as indefinite under 35 U.S.C. § 112. *See PacSec3, LLC v. NetScout Systems, Inc.*, 6:20-cv-00914, at ECF No. 54 (Sept. 9, 2021 Claim Construction Order).

20. U.S. Patent No. 7,523,497 is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite;

or does not contain a proper written description; or does not disclose the best mode of the invention.

21. Absent a declaration of invalidity of U.S. Patent No. 7,523,497 PacSec3 will continue to assert U.S. Patent No. 7,523,497 against Imperva and will in this way cause damage to Imperva.

22. Imperva seeks a declaration that the claims of U.S. Patent No. 7,523,497 are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

### III. PRAYER FOR RELIEF

WHEREFORE, Imperva prays for judgment with respect to PacSec3's Defenses and above counterclaims as follows:

a) That PacSec3's Complaint be dismissed with prejudice and that the relief requested by PacSec3 and any relief whatsoever in favor of PacSec3 be denied;

b) For entry of judgment declaring that the claims of U.S. Patent No. 7,523,497 are not infringed by Imperva and that Imperva is not liable as an infringer;

c) For entry of judgment declaring that the claims of U.S. Patent No. 7,523,497 are invalid;

d) That the case be declared exceptional and that Imperva be awarded its attorneys' fees; and

e) That Imperva be granted such other and further relief as the Court shall deem just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Imperva demands a jury trial on all issues so triable.

Dated: April 25, 2022            Respectfully submitted,

*/s/ Deron Dacus*
Deron Dacus

Deron Dacus
Texas State Bar No. 00790553
ddacus@dacusfirm.com
**The Dacus Firm, P.C.**
821 ESE 323 Loop, Suite 430
Tyler, TX 75701-0518
Telephone: (903) 705-7233

Ryan Tyz (PHV to be filed)
California State Bar No. 234895
ryan@tyzlaw.com
Erin Jones (PHV to be filed)
California State Bar No. 252947
ejones@tyzlaw.com
Sean Apple (PHV to be filed)
California State Bar No. 305692
sapple@tyzlaw.com
**Tyz Law Group PC**
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 868-6900

***Attorneys for PacSec3, LLC***

- 8 -